12-4245
Zhang v. Holder

BIA
Cheng, IJ
A087 588 267

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand thirteen.

PRESENT:
> ROBERT A. KATZMANN,
>> *Chief Judge,*
> RICHARD C. WESLEY,
> PETER W. HALL,
>> *Circuit Judges.*

_____

JIAN FENG ZHANG,
> *Petitioner,*

v.                                    12-4245
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:           Michael Brown, New York, New York.

FOR RESPONDENT:           Stuart F. Delery, Acting Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel; Meadow W. Platt, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jian Feng Zhang, a native and citizen of China, seeks review of an October 10, 2012, decision of the BIA affirming the March 4, 2011, decision of Immigration Judge ("IJ") Mary M. Cheng, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Feng Zhang*, No. A087 588 267 (B.I.A. Oct. 10, 2012), *aff'g* No. A087 588 267 (Immig. Ct. N.Y. City Mar. 4, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications, like Zhang's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum

applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see id.* at § 1231(b)(3)(C); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). We defer to an IJ's credibility determination unless, "from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Here, the agency reasonably found Zhang not credible based on a major inconsistency among his credible fear interview, asylum application, and hearing testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166 n.3. Zhang mentions a June 2008 incident with the police at three different places in his asylum application, detailing how the police came to his home, beat him with their fists and feet, and left him in pain. However, he did not mention this incident at all at his credible fear interview or during direct examination. At the hearing, when Zhang was asked how many times he had problems in China, he answered, only once in August 2008. On cross-examination, Zhang

3

changed his testimony to say that there had been two incidents with the police, one in June and one in August. This inconsistency goes to the heart of Zhang's claim that he suffered past persecution on account of his religion, as the June 2008 incident was the only allegation of arrest or physical harm. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.

In addition, Zhang failed to otherwise corroborate his practice of Christianity as he did not call witnesses from his church or family to verify that he attends church in the United States, despite the fact that his hearing date had been set for over a year. *See Biao Yang v. Gonzales v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Furthermore, the agency considered and reasonably rejected Zhang's explanations for both his omission of the June 2008 arrest and beating and his lack of corroboration. When questioned why he did not mention the June 2008 incident at the credible fear interview, Zhang offered that the interviewer did not ask the detailed questions and he had failed to explain himself clearly. He further noted that the June incident was not serious and he often forgets to mention it. As the June incident was the only arrest or

4

physical harm Zhang suffered in China, the agency was not compelled to credit the explanation, particularly given the detailed account and level of harm described in his asylum application. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (A petitioner "must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (emphasis original, internal quotations and citation omitted)).

The agency also reasonably rejected Zhang's explanation that no fellow parishioners or family members could verify his church attendance because they were too busy or out of status, particularly since they lived in New York, he had a year to obtain witnesses, and he made no request for telephonic testimony. *Cf. id.*

The adverse credibility determination is further supported by the IJ's demeanor finding, to which we defer. *See Karaj v. Gonzales,* 462 F.3d 113, 116 (2d Cir. 2006) ("the IJ's opportunity to judge demeanor causes us to grant particular deference to credibility findings based on demeanor" (internal quotations and citation omitted)).

Finally, because the agency's adverse credibility determination is dispositive, we do not reach the alternative finding that Zhang failed to meet his burden of proof. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk